IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20616
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FREDY ALBERTO RAMIREZ-MENESES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-105-1
--------------------
August 22, 2001

Before DeMOSS, PARKER and DENNIS, Circuit Judges.

PER CURIAM:[*]

Fredy Alberto Ramirez-Meneses appeals his sentence following his guilty-plea conviction for aiding and abetting the importation of heroin and aiding and abetting the possession of heroin with intent to distribute, in violation of 21 U.S.C. §§ 952(a) and 841(a)(1) and 18 U.S.C. § 2. Ramirez argues that the district court erred in denying him a two-level reduction in his sentence pursuant to U.S.S.G. § 2D1.1(b)(6).

Section 2D1.1(b)(6) of the Sentencing Guidelines provides: "If the defendant meets the criteria set forth in subdivisions

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(1)-(5) of § 5C1.2 (Limitation on Applicability of Statutory Minimum Sentences in Certain Cases) and the offense level determined above is level **26** or greater, decrease by **2** levels." Because Ramirez was the party seeking an adjustment in the sentence, he had the burden of proving the facts to support the adjustment. United States v. Flanagan, 80 F.3d 143, 146 (5th Cir. 1996).

Ramirez failed to meet his burden of proving his entitlement to an adjustment under U.S.S.G. § 2D1.1(b)(6). By recanting his admission that he previously smuggled heroin into the United States using the same method, Ramirez called into question his truthfulness. See U.S.S.G. § 5C1.2(5); United States v. Edwards, 65 F.3d 430, 433 (5th Cir. 1995). The Presentence Report (PSR) and the Government's response to Ramirez's objections to the PSR further supported denial of the adjustment. The district court's decision that Ramirez did not qualify for a two-level reduction under U.S.S.G. § 2D1.1(b)(6) was not clearly erroneous, as it was plausible in the light of the record read as a whole. See United States v. Torres, 114 F.3d 520, 527 (5th Cir. 1997). Although the district court did not articulate specific reasons for denying the adjustment, the district court adopted the factual findings and guideline applications contained in the PSR, except for the drug-quantity determination, as stated in its judgment. This was sufficient for Fed. R. Crim. P. 32 purposes. United States v. Mora, 994 F.2d 1129, 1141 (5th Cir. 1993).

Accordingly, the district court's judgment is
AFFIRMED.