United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 30, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40020
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARMANDO GUTIERREZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-02-CR-914-1
--------------------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:*

Armando Gutierrez appeals following his guilty-plea

conviction for conspiracy to possess with intent to distribute

in excess of 100 kilograms of marijuana, in violation of

21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846.  Gutierrez raises

numerous sentencing errors on appeal.  We affirm.

Gutierrez argues that the district court erroneously

held him responsible under relevant conduct for the amount of

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

marijuana found in his co-defendant's truck. At the sentencing hearing, the district court found the testimony of both Gutierrez and his co-defendant to be incredible, and we find no clear error in the court's relevant conduct determination. See United States v. Alford, 142 F.3d 825, 831-32 (5th Cir. 1998); United States v. Sotelo, 97 F.3d 782, 799 (5th Cir. 1996)(credibility determinations are within the province of the trier-of-fact); U.S.S.G. § 1B1.3. We also find no error in the district court's denial of adjustments for acceptance of responsibility, see United States v. Cano-Guel, 167 F.3d 900, 906 (5th Cir. 1999), U.S.S.G. § 3E1.1; safety valve, see United States v. Edwards, 65 F.3d 430, 433 (5th Cir. 1995), U.S.S.G. § 5C1.2; and mitigating role. See Edwards, 65 F.3d at 433-34; United States v. Buenrostro, 868 F.2d 135, 137-38 (5th Cir. 1989); U.S.S.G. § 3B1.2.

Gutierrez also argues that the Government breached the plea agreement by failing to move for a reduction based on his acceptance of responsibility. Because Gutierrez did not raise this argument in the district court, review is for plain error. See United States v. Reeves, 255 F.3d 208, 210 (5th Cir. 2001). Even assuming, arguendo, the existence of error, Gutierrez has not demonstrated that any error affected his substantial rights. See United States v. Olano, 507 U.S. 725, 732 (1993); Reeves, 255 F.3d at 210.

Finally, Gutierrez argues that 21 U.S.C. § 841 is unconstitutional in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), because the statute treats drug type and quantity as sentencing factors.  He acknowledges that his argument is foreclosed by circuit precedent but wishes to preserve the issue for Supreme Court review.  Gutierrez's argument is foreclosed. <u>See</u> <u>United States v. Slaughter</u>, 238 F.3d 580, 582 (5th Cir. 2000).

AFFIRMED.