**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 95-60167
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

WILLIAM DELMER EDWARDS, JR.,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Mississippi

(September 18, 1995)

Before WISDOM, HIGGINBOTHAM, and PARKER, Circuit Judges.

WISDOM, Circuit Judge:

William Delmer Edwards, Jr., the defendant/appellant, brings this appeal to challenge three aspects of his sentence. We hold that the district court did not err in its decisions regarding the defendant's sentence.

I.

Edwards pleaded guilty to the charge of possession of methamphetamine with the intent to distribute, in violation of 21 U.S.C. § 841. He admitted attending a meeting with co-conspirators at a motel, weighing the methamphetamine brought to the meeting by his co-conspirators, and leaving with at least 10 ounces of

methamphetamine.

At the sentencing hearing, Edwards raised several objections. First, he contested the amount of drugs attributed to him by the Presentence Investigation Report (PSI). According to the PSI, the transaction in which Edwards participated involved 566 grams of methamphetamine. The district court received testimony regarding the amount of drugs from both the defendant and a special agent of the Drug Enforcement Administration (DEA), Thomas Moffett. Edwards testified that he was told to expect a one pound delivery (or 452.8 grams) but the bag was short when he received it and he left the motel with only 10 ounces (or 283 grams).[1] Moffett testified that he had three informants in the motel room who each reported to him the amount of drugs delivered and weighed. One informant reported that there were 566 grams of methamphetamine and two others reported that there was one pound (or 452.8 grams).[2] After this testimony, the district court stated that it chose not to credit the defendant's testimony that there were only 283 grams of methamphetamine, but would reduce the amount attributed to the defendant to 452 grams based on the informants' reports.[3]

At sentencing, the defendant also argued that he was entitled to a reduction in his offense level under U.S.S.G. § 3B1.2 because of his minimal participation in the offense. In addition, Edwards contended that he should receive a downward departure under

---

[1]     Record, volume 2 at 7-12.

[2]     Record, volume 2 at 13-25.

[3]     Record, volume 2 at 26-7.

2

U.S.S.G. § 5C1.2. The district court rejected both of these arguments and determined that the defendant's offense level was 25, with a sentencing range of 57 to 71 months. A statutory minimum applies to this charge, however, and the mandatory minimum is 60 months. The district court sentenced Edwards to 60 months in prison, 5 years supervised release, and imposed a fine of $2500 with a special assessment of $50. Edwards appeals.

II.

## A. Standard of Review

We review the application of the Sentencing Guidelines *de novo*.[4] And, we review the sentencing court's findings of fact for clear error.[5] "A factual finding is not clearly erroneous as long as the finding is plausible in the light of the record as a whole."[6]

## B. Amount of Drugs Attributed to Edwards

Edwards contends that the district court erred in not crediting his testimony regarding the amount of methamphetamine, especially in the light of the initial mistake in the PSI. He argues that the district court's factual finding was clearly erroneous because it was based on unreliable hearsay information.

For sentencing purposes, a district court "may consider relevant information without regard to its admissibility under the

---

[4] *United States v. Bermea*, 30 F.3d 1539, 1575 (5th Cir. 1994), cert. denied, 115 S.Ct. 1113, 115 S.Ct. 1825 (1995).

[5] Id.

[6] *United States v. Jackie Brown*, 7 F.3d 1155, 1159 (5th Cir. 1993).

3

rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy".[7] And, this Court has previously held that "out-of-court statements by unidentified informants" may be considered provided that there is sufficient corroboration.[8] Further, a district court has wide discretion in determining which evidence to consider and which testimony to credit.[9]

In this case, three informants reported that the methamphetamine delivered to the motel room was at least one pound (or 452.8 grams). Edwards himself testified at the sentencing hearing that he was expecting a full pound of methamphetamine. Faced with conflicting reports of the amount of drugs involved, the district court was free to make a credibility choice. We see no error in the district court's decision to credit the testimony of Agent Moffett and conclude that approximately 452 grams was involved on the motel room transaction. Thus, we reject the defendant's challenge to this aspect of his sentence.[10]

---

[7] U.S.S.G. § 6A1.3; see also, *Bermea*, 30 F.3d at 1576; *United States v. Smith*, 13 F.3d 860, 863 n.5 (5th Cir.), cert. denied, 114 S.Ct. 2151 (1994).

[8] *United States v. Rogers*, 1 F.3d 341, 343 (5th Cir. 1993); see also, *United States v. West*, 58 F.3d 133, 138 (5th Cir. 1995); *United States v. Golden*, 17 F.3d 735, 736 (5th Cir. 1994).

[9] *United States v. Ashburn*, 20 F.3d 1336, 1349 (5th Cir. 1994), cert. denied, 115 S.Ct. 1969 (1995).

[10] Edwards also argues that the district court failed to determine the amount of drugs reasonably foreseeable to him under U.S.S.G. § 1B1.3(a)(1)(B). The defendant himself, however, testified at the sentencing hearing that he was expecting a full pound of methamphetamine. Record, volume 2 at 7-12. Thus, this is an alternative basis for affirming the district court's factual

4

## C. Downward Departure under U.S.S.G. § 5C1.2

Edwards argues that he meets the requirements for a downward departure under U.S.S.G. § 5C1.2 and that the district court failed to fully consider his eligibility. Edwards argues that the reduction in his offense level for acceptance of responsibility under U.S.S.G. § 3E1.1 suggests that he qualifies for a downward departure.

U.S.S.G. § 5C1.2 is a "safety valve" provision which allows qualified defendants to escape the applicable statutory minimum sentence.[11] U.S.S.G. § 5C1.2 allows this relief only if the defendant meets five criteria:

> (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;
>
> (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another party to do so) in connection with the offense;
>
> (3) the offense did not result in death or serious bodily injury to any person;
>
> (4) the defendant was not an organizer, leader, or supervisor of others in the offense, as determine under sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; and
>
> (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or

---

finding that one pound of methamphetamine was attributable to the defendant.

[11] *United States v. Hart*, 876 F. Supp. 4, 5 (D.D.C. 1995).

offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful information shall not preclude a determination by the court that the defendant has complied with this requirement.

In this case, the government opposed the application of § 5C1.2 because it argued that, by alleging that there were only 10 ounces of methamphetamine present, Edwards failed truthfully to provide the government with all information and that, therefore, Edwards failed to meet the fifth criteria. Edwards responds by arguing that his challenge of the amount of drugs attributed to him by the PSI does not preclude application of § 5C1.2, especially in the light of the initial mistake in the PSI.

"A sentencing court's refusal to apply § 5C1.2 is a factual finding, which we review for clear error."[12] We agree with Edwards that a mere challenge to factual findings at sentencing does not automatically exclude application of §5C1.2. In this case, however, more occurred at sentencing which is relevant to the application of this section. Edwards offered testimony which directly contradicted information gathered by the government. The district court did not credit Edwards's testimony, as evidenced by his finding that at least 452 grams of methamphetamine were involved. Furthermore, the PSI indicates that Edwards told agents at the time of his arrest that he had received only a half pound of methamphetamine.[13] Later, the defendant alleged that he received

---

[12]    *United States v. Rodriguez*, 60 F.3d 193, 194 n.1 (5th Cir. 1995).

[13]    PSI at 4.

6

only two ounces of methamphetamine.[14]  In these circumstances, the district court could have concluded that Edwards did not, as alleged by the government, truthfully provide all relevant information.  We see no clear error in this conclusion and we, therefore, affirm the district court's decision on this issue.

**D.  Minimal participant adjustment under U.S.S.G. § 3B1.2**

Finally, the defendant argues that he was entitled to between a two and four point reduction in his offense level because of his minor or minimal participation in the offense.[15]  The defendant raised this issue at the sentencing and it was rejected by the district court.[16]

U.S.S.G. § 3B1.2 is designed to reduce a defendant's

---

[14]  Id.

[15]  U.S.S.G. § 3B1.2 provides:

Based on the defendant's role in the offense, decrease the offense level as follows:
    (a) If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.
    (b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels.
    In cases falling between (a) and (b), decrease by 3 levels.

[16]  The defendant also alleges that the district court did not make sufficient factual findings on this issue.  The district court raised the issue at the prompting of a recent letter from defendant's counsel and sought the government's opinion.  The government expressed its opinion that Edwards was not a minor participant.  Although the district court did not specifically detail its reasons for rejecting the defendant's argument, its refusal to apply §3B1.2 suggests that the district court agreed with the government's statement that Edwards was not a minor participant.  We will not, as Edwards suggests, remand this case to the sentencing court based on this slight ambiguity in the record.

7

sentence when he is "substantially less culpable than the average participant."[17]  This section does not apply whenever a defendant is, to a lesser degree, less culpable than his co-conspirators.[18]  Rather, as noted in the comments to § 3B1.2, "a downward adjustment for a minimal participant will be used infrequently."[19]  Also, this Court has held previously that defendants like Edwards, whose participation is limited to holding or delivering drugs, may not, despite their more limited role in the conspiracy, be eligible for a reduction of their offense level under § 3B1.2.[20]

According to admissions he made to the probation officer in preparation of the PSI, Edwards helped weigh the drugs, hid them on behalf of the conspiracy, and on several occasions accompanied a co-conspirator making deliveries.[21]  Furthermore, the defendant admitted to making several sales on his own.[22]  In these circumstances, the district court did not clearly err when it

---

[17]  *United States v. Sparks*, 2 F.3d 574, 586 (5th Cir. 1993), cert denied, 114 S.Ct. 720, 114 S.Ct. 899, 114 S.Ct. 1548 (1994).

[18]  *United States v. Zuniga*, 18 F.3d 1254, 1261 (5th Cir.), cert. denied, 115 S.Ct. 214 (1994).

[19]  U.S.S.G. § 3B1.2, comment 2.

[20]  *Zuniga*, 18 F.3d at 1261 (holding that a defendant who accepted custody of heroin and then delivered it to the buyer played an important role and was not entitled to e reduction under §3B1.2); *United States v. Pofahl*, 990 F.2d 1456, 1485 (5th Cir.), cert. denied, 114 S.Ct. 266, 114 S.Ct. 560 (1993) (noting that "a `mule or transporter of drugs may not be entitled to minor or minimal status'") (quoting *United States v. Bethley*, 973 F.2d 396 (5th Cir. 1992)).

[21]  PSI at 5.

[22]  Id.

determined that Edwards was not entitled to a reduction in his offense level because he was a minor or minimal participant. We, therefore, affirm this aspect of Edwards's sentence.

## III.

The defendant brought this appeal to challenge several factual findings made by the district court in determining his sentence. We see no clear error in the decisions of the district court and, therefore, we AFFIRM the defendant's sentence.