IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 00-40269

Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SAMUEL HERNANDEZ ALEMAN,

Defendant-Appellant.

---

Appeal from the United States District Court
For the Southern District of Texas
(C-99-CR-267)

---

October 30, 2000

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant was convicted of a single count of possession with intent to distribute cocaine. Because Aleman's testimony at trial differed from the statement he provided to officers at the time of his arrest, the Presentence Report (PSR) recommended a total offense level of 30, which included a two-point obstruction of justice enhancement.[1] At the sentencing hearing, the

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *See* U.S.S.G. § 3C1.1, notes 4(b) & 4(f).

district court heard testimony from Agent Vickers. Agent Vickers offered uncontroverted testimony that the information provided by Aleman during a post-trial debriefing with agents was truthful.

The district court ultimately found an offense level of 28, imposing imprisonment at the lowest range of that level (i.e., 78 months). The record indicates that the court rejected the application of the obstruction of justice enhancement. However, the court also refused to apply a two-point reduction under the "safety valve" provision[2] - which would have yielded a total offense level of 26 - unless Aleman testified under oath that his debriefing was truthful (at which time, the court stated that it would award an obstruction of justice enhancement because of the conflict between this testimony and Aleman's trial testimony). Aleman refused to so testify, and the court refused to award a "safety valve" reduction. Aleman appeals the court's failure to apply this downward reduction.[3]

The district court's failure to award the reduction is clearly erroneous.[4] Not only is it uncontested that Aleman met the first

---

[2] *See* U.S.S.G. § 5C1.2, 2D1.1(b)(6).

[3] A defendant may appeal a sentence imposed under the sentencing guidelines if the sentence "(1) was imposed in violation of law; (2) was imposed as a result of an incorrect application of the sentencing guidelines; or (3) is greater than the sentence specified in the applicable guideline range." 18 U.S.C. § 3742(a) (2000).

[4] *See United States v. Edwards*, 65 F.3d 430, 433 (5th Cir. 1995).

2

four criteria under section 5C1.2, but there is uncontroverted testimony from the sentencing hearing that the debriefing was truthful - thereby meeting the fifth and final requirement. The district court never indicated that it doubted Vicker's testimony. The "safety valve" reduction is mandatory if the five criteria are met.[5]

The more difficult question in this case is whether the district court's failure to award the reduction was harmless error. A finding of harmless error requires specific, convincing evidence from the record that the district court had a particular sentence in mind, and would have imposed that sentence notwithstanding the guideline error.[6] In this case, the district court indicated its general policy of not applying an obstruction of justice enhancement based on a defendant's false trial testimony. However, it also repeatedly indicated that it would not award the safety valve reduction *and* follow its normal policy of not applying the obstruction of justice enhancement. Moreover, although we may question the wisdom of the court's "either-or" posture,[7] the

---

[5] *See United States v. Miller*, 179 F.3d 961, 963 n.2 (5th Cir. 1999).

[6] *See United States v. Huskey*, 137 F.3d 283, 289 (5th Cir. 1998).

[7] However, had the court applied both the downward reduction and the obstruction of justice enhancement, the record would support the latter decision (i.e., because Aleman's trial testimony arguably met the criteria for perjury). *See United States v. Dunnigan*, 507 U.S. 87, 95-96 (1993); *United States v. Storm*, 36

Government has met its burden of proof in establishing harmless error.[8] In fact, the court expressly indicated that an offense level of 28 would result, even if the court were to apply the safety valve provision. In light of the preceding, the district court's judgment is AFFIRMED.

AFFIRMED.

---

F.3d 1289, 1295 (5th Cir. 1994). Thus, the court would not need to hear new testimony from Aleman about the truthfulness of the debriefing to find obstruction of justice.

[8] *See Huskey*, 137 F.3d at 289.