IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-40402
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GERARDO DAVID MARTINEZ,

Defendant-Appellant,

_____

Appeal from the United States District Court for the
Southern District of Texas
USDC No. L-99-CR-932-1
_____

December 14, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Gerardo David Martinez challenges the sentence he received following his guilty plea conviction for possession with the intent to distribute 43 pounds of cocaine, in violation of 18 U.S.C. §§ 841(a)(1) and (b)(1)(A). He argues that the district court erred in determining that he had not given truthful information to the government and thus in denying him a two-level reduction under

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the "safety-valve" provision, U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f).

The record establishes that Martinez gave conflicting accounts regarding how he came to meet the person from whom he allegedly received the cocaine and where he picked up the car loaded with cocaine. This alone was a sufficient ground for denying the safety-valve reduction. See § 5C1.2(5); United States v. Edwards, 65 F.3d 430, 433 (5th Cir. 1995). Moreover, the district court's independent determination that Martinez's story was implausible and therefore not truthful is supported by the record and is thus not clearly erroneous. See United States v. Flanagan, 80 F.3d 143, 145 (5th Cir. 1996). Accordingly, the district court's judgment is

A F F I R M E D.