IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20001
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

PEDRO SALGADO PACHECO,

                                        Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
H-00-CR-467-1
---------------------
September 19, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Pedro Salgado Pacheo appeals his conviction and sentence for possession with the intent to distribute more than five kilograms of cocaine. Pacheo waived a jury trial after the district court denied his motion to suppress evidence, and the district court convicted him based on stipulated facts. On appeal, Pacheo challenges the district court's denial of the motion to suppress. He also urges that the district court clearly erred in granting him only a two-level reduction in offense level for acceptance of responsibility and in denying his request

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for a two-point reduction under U.S.S.G. §§ 2D1.1(b)(6) and 5C1.2.

Pacheo argues that the district court should have suppressed evidence found in a warrantless search because the lessee of the house, Evelyn Zumaya, lacked authority to consent to a search of a bedroom that she allegedly subleased to Pacheo. We find no error, clear or otherwise, in the district court's determination, based on testimony in person at the suppression hearing, that Ms. Zumaya had both actual and apparent authority to consent to the search. United States v. Foy, 28 F.3d 464, 474 (5th Cir. 1994); United States v. Matlock, 415 U.S. 164, 171 (1974). We note that, by failing to brief the issue, Pacheo has abandoned any challenge to the district court's denial of his motion to suppress statements that he made following his arrest.

We find no error in the district court's determination that, having received a two-level reduction in offense level for acceptance of responsibility under U.S.S.G. § 3E1.1(a), Pacheo was not entitled to an additional one-level reduction in offense level pursuant to § 3E1.1(b). United States v. Anderson, 174 F.3d 515, 525 (5th Cir. 1999). We also find no error in the district court's determination that Pacheo was not entitled to a two-point reduction under U.S.S.G. §§ 2D1.1(b)(6) and 5C1.2. United States v. Edwards, 65 F.3d 430, 433 (5th Cir. 1995); United States v. Sotelo, 97 F.3d 782, 799 (5th Cir. 1996).

AFFIRMED.