IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10940
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

IAN BENJAMIN BURKE,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:00-CR-8-1-T
--------------------
August 20, 2002

Before HIGGINBOTHAM, DAVIS, and PARKER, Circuit Judges.

PER CURIAM:*

Ian Benjamin Burke appeals his sentence following a guilty plea for conspiracy to possess with intent to distribute cocaine and cocaine base. 21 U.S.C. § 846. Burke challenges the district court's refusal to apply the "safety-valve" provision, U.S.S.G. § 5C1.2, arguing that the district court erroneously delegated its decision-making authority to the Government as to the issue of his "truthfulness" in providing "to the Government

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

all information and evidence [he had] concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan[.]"  See U.S.S.G. § 5C1.2(a)(5).

The district court's finding regarding Burke's truthfulness for purposes of U.S.S.G. § 5C1.2(a)(5) is plausible in the light of the record viewed in its entirety.  See United States v. Davis, 76 F.3d 82, 84 (5th Cir. 1996).  The district court did not abdicate its fact-finding duty to the Government but, rather, the court acted well within its wide discretion in finding DEA Agent Jackson's testimony credible.  See United States v. Edwards, 65 F.3d 430, 432 (5th Cir. 1995); United States v. West, 58 F.3d 133, 138 (5th Cir. 1995).

AFFIRMED.