IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-21298
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDWIN MICHAEL COOKE,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-448-1
--------------------
December 12, 2002

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM:*

Edwin Michael Cooke appeals his sentence following his guilty plea to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

Cooke argues that the district court erred in increasing his offense level pursuant to U.S.S.G. § 2K2.1(b)(5), which provides for a four-level sentencing increase "[i]f the defendant used or possessed any firearm or ammunition in connection with another

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

felony offense." Cooke admits that the crack pipe, containing drug residue, found in his possession was an instrumentality of his personal drug use. Other than his assertion that he did not remember that the firearm was in the vehicle, Cooke has not produced anything to show that the firearm could not have been used to facilitate his drug-related activities. United States v. Armstead, 114 F.3d 504, 511-12 (5th Cir. 1997); United States v. Condren, 18 F.3d 1190, 1199-1200 (5th Cir. 1994). The district court did not err in applying the enhancement to Cooke's offense because the firearm was possessed in connection with Cooke's drug possession within the meaning of U.S.S.G. § 2K2.1(b)(5). See United States v. Edwards, 65 F.3d 430, 432 (5th Cir. 1995).

AFFIRMED.