United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 4, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-51102
Summary Calendar
_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

AIDA ARMENDARIZ

Defendant - Appellant

- - - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-02-CR-796-ALL-PRM
- - - - - - - - - - -

Before KING, Chief Judge, and DeMOSS and BENAVIDES, Circuit
Judges.

PER CURIAM:[*]

Aida Armendariz appeals her guilty-plea conviction for importation of 50 kilograms or more of marijuana and possession with the intent to distribute that same amount. She argues that the district court clearly erred in refusing to award a two-level reduction in her guideline range on the basis that she was a minor participant in the offense. See U.S.S.G. § 3B1.1. Armendariz also avers that the district court failed to make

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sufficient factual findings with regard to this issue so as to allow this court to properly review the issue.

The district court was not required to state its reasons for denying the reduction because it expressly adopted the findings and conclusions of the presentence report.  See United States v. Gallardo-Trapero, 185 F.3d 307, 323-24 (5th Cir. 1999). Because Armendariz failed to prove her minor role by a preponderance of the evidence, the district court did not clearly err by denying the adjustment.  See United States v. Brown, 54 F.3d 234, 241 (5th Cir. 1995); United States v. Edwards, 65 F.3d 430, 432 (5th Cir. 1995).  It is clear from the record that Armendariz was not substantially less culpable than the average participant in the offense and that her role was not peripheral to the advancement of the illicit activity.  See Brown, 54 F.3d 241; United States v. Miranda, 248 F.3d 434, 446-47 (5th Cir. 2001).

AFFIRMED.