United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 6, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 02-11066
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEVE TEPP,

Defendant-Appellant.

———————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:02-CR-55-1-A

———————————

Before GARWOOD, WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

Steve Tepp appeals the district court's application of
U.S.S.G. § 2D1.1(b)(1) to increase his offense level for possession
of a weapon during and in connection with the drug conspiracy for
which he was convicted.  He argues that the adjustment was improper
since there was insufficient proof that he knew co-conspirator John

———————————

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Paul Sanchez possessed a loaded revolver.  Tepp contends that his knowledge of the weapon was not reasonably foreseeable since he was not physically present when Sanchez possessed the weapon.

The U.S.S.G. § 2D1.1(b)(1) enhancement involves a factual determination that is reviewed for clear error.  *United States v. Chavez*, 119 F.3d 342, 348 (5th Cir. 1997).  A finding is not clearly erroneous if it is plausible in light of the record read as a whole.  *United States v. Edwards*, 65 F.3d 430, 432 (5th Cir. 1995).

In the factual resume supporting his guilty plea, Tepp acknowledged his involvement in a conspiracy to distribute a large quantity of methamphetamine to a confidential informant.  The presentence report reflects that Tepp, Sanchez, Lopez and Martinez were together at the Dreams nightclub in Dallas when Tepp asked Lopez to drive Martinez and Sanchez to Fort Worth, where the drug transaction was to be completed; as those three arrived at the transaction site with the drugs, Sanchez, sitting in the back seat, pulled out a .357 Magnum revolver.  It thus appears that Sanchez likely had that large pistol with him when he was in the presence of Tepp, Lopez and Martinez at the Dreams nightclub in Dallas and when, on Tepp's direction, they began the trip to Fort Worth to consummate the transaction.  Tepp, Lopez, Martinez and Sanchez had previously been with each other on other drug transactions.  Some three weeks after the transaction in question, Tepp was arrested

2

with a loaded 9mm pistol and .2 grams of cocaine in the car he was driving. Given all these circumstances, and the size and several thousand dollar street value of the drug transaction, we cannot say that the district court clearly erred in finding that it should have been reasonably foreseeable to Tepp that a member of the conspiracy would be carrying a gun, despite the fact that Tepp was not physically present when the weapon was displayed, and nothing in the record undermines this conclusion. *See United States v. Thomas*, 120 F.3d 564, 574 (5th Cir. 1997); *United States v. Wilson*, 105 F.3d 219, 221 (5th Cir. 1997); *United States v. Dean*, 59 F.3d 1479, 1490-91 & n.20 (5th Cir. 1995). Likewise, under these circumstances, Tepp also fails to demonstrate that it was clearly improbable that the revolver was connected to the offense, or that the district court clearly erred in assessing the two-level adjustment pursuant to U.S.S.G. § 2D1.1(b)(1). *See* U.S.S.G. § 2D1.1, comment (n.3); *United States v. Edwards*, 65 F.3d 430, 432 (5th Cir. 1995).

AFFIRMED.