United States Court of Appeals
Fifth Circuit

**F I L E D**

June 24, 2003

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

——————————————

No. 02-41663
Summary Calendar

——————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GUMERCINDO SALINAS,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-02-CR-189-1
---------------------

Before DAVIS, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Gumercindo Salinas appeals the mandatory-minimum 60-month

sentence imposed following his guilty plea to possession with

intent to distribute more than 500 grams of cocaine, in violation

of 21 U.S.C. § 841.  Salinas contends that his prior Texas

conviction and suspended jail sentence for driving while

intoxicated (DWI) were constitutionally invalid and could

not be included in his criminal history score for purposes of

determining his sentencing range under the United States

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Sentencing Guidelines. He contends that absent the one point assessed for that conviction, he would have qualified for a safety-valve reduction from the mandatory-minimum sentence pursuant to U.S.S.G. § 5C1.2. He also argues for the first time on appeal that 21 U.S.C. § 841 is unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). He concedes that this latter argument is foreclosed by this court's precedent, but he raises it to preserve it for possible Supreme Court review.

Salinas did not meet his burden of proving the constitutional invalidity of the DWI conviction by producing evidence in support of his invalid-counsel-waiver argument. See United States v. Osborne, 68 F.3d 94, 100-01 (5th Cir. 1995). In addition, even without the criminal history point assessed for that conviction, the district court stated at sentencing that Salinas would not qualify for the safety valve because he did not debrief truthfully, and that determination is plausible in light of the record as a whole. See United States v. Edwards, 65 F.3d 430, 432 (5th Cir. 1995).

Salinas' Apprendi argument is foreclosed. See United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000).

AFFIRMED.