United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 23, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-11397
Summary Calendar

_____

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

versus

RESOURCE DEVELOPMENT INTERNATIONAL L.L.C.; ET AL.,

Defendants,

DAVID EDWARDS; JAMES EDWARDS; KEVIN LYNDS; EDWARD
MORRIS HARRIS, President, Jade Asset Management, Ltd.,

Defendants-Appellants,

_____

DAVID EUGENE EDWARDS,

Petitioner-Appellant,

versus

K.J. WENDT, Warden, FDC Seagoville,

Respondent-Appellee,

_____

KEVIN WADSWORTH LYNDS,

Petitioner-Appellant,

versus

K.J. WENDT, Warden, FDC Seagoville, Texas

Respondent-Appellee,

_____

JAMES EUGENE EDWARDS,

                                        Petitioner-Appellant,

versus

K.J. WENDT, Warden, FDC Seagoville,

                                        Respondent-Appellee,

_____

EDWARD MORRIS HARRIS,

                                        Petitioner-Appellant,

versus

K.J. WENDT, Warden, FDC Seagoville, Texas

                                        Respondent-Appellee.


                    --------------------
          Appeal from the United States District Court
              for the Northern District of Texas
                 USDC Nos. 3:02-CV-605-R
                      3:02-CV-1743-R
                      3:02-CV-1744-R
                       3:02-CV-1745
                       3:02-CV1746-R
                    --------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

    David Eugene Edwards, Kevin Wadsworth Lynds, James Eugene

Edwards, and Edward Morris Harris appeal the district court's

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

denial of their 28 U.S.C. § 2241 petitions challenging their incarcerations for civil contempt. In an appeal from the denial of habeas relief, this court reviews a district court's findings of fact for clear error and issues of law *de novo*. See Moody v. Johnson, 139 F.3d 477, 480 (5th Cir. 1998).

The defendants argue that the district court lacked jurisdiction over the underlying civil action because it is a "United States District Court" and not a "district court of the United States." They argue that, for the same reason, the district court lacked authority to order that they be held in custody. These claims are frivolous.

The defendants also argue that the district court's contempt orders could not be enforced outside of the district court's territorial jurisdiction. FED. R. CIV. P. 4.1(b) provides, "An order of civil commitment of a person held to be in contempt of a decree or injunction issued to enforce the laws of the United States may be served and enforced in any district." Because the instant case involves the defendants' alleged violation of various federal securities laws, the district court's contempt orders were issued to "enforce the laws of the United States." Therefore, pursuant to FED. R. CIV. P. 4.1(b), the district court's contempt orders were properly served and enforced in any district. This issue is without merit.

The defendants argue that their due process rights were violated because they did not receive notice of the contempt

hearings.  Defendant Harris's claims are without merit; the record contains a sworn affidavit stating that he had been personally served with notice of his first contempt hearing and subsequent contempt hearings were held after Harris had been taken into custody.  Defendants James and David Edwards' claims are also without merit; the record contains a certificate of service indicating that they were mailed notice of the hearing by the appointed receiver and subsequent contempt hearings were held after they had been taken into custody.  See FED. R. CIV. P. 77(d) (any party may serve notice of court order); FED. R. CIV. P. 5(b)(2)(B) (service complete upon mailing to party's last known address).  Defendant Lynds' claim also is without merit; based on the pleadings and the record, we conclude that the district court's finding that he did receive proper notice of the hearing was not clearly erroneous.  See United States v. Edwards, 65 F.3d 430, 432 (5th Cir. 1995) ("A factual finding is not clearly erroneous as long as the finding is plausible in light of the record as a whole.").

AFFIRMED.