United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 24, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-10883
Summary Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

LLOYD JORDAN,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:03-CR-100-A-ALL
--------------------

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

    Lloyd Jordan appeals the sentence imposed following his guilty-plea conviction for possession with intent to distribute less than 50 kilograms of marijuana.  He argues that the district court used the incorrect burden of proof in determining the drug quantity involved in the offense for sentencing purposes.  The difference in possible sentences did "not constitute such a dramatic effect that it would justify considering, much less imposing, the higher burden of proof."  See United States v.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

<u>Carreon</u>, 11 F.3d 1225, 1240 (5th Cir. 1994)(difference in possible sentences of six to 20 years did not justify higher burden of proof).

Jordan argues that the district court clearly erred in determining the quantity of marijuana involved in his offense. Because the facts presented in the Presentence Report (PSR) were supported by an adequate evidentiary basis and because Jordan did not offer any evidence to rebut the facts set forth in the PSR, the district court did not clearly err in determining that Jordan was responsible for a 400-pound marijuana shipment for sentencing purposes. See <u>United States v. Edwards</u>, 65 F.3d 430, 432 (5th Cir. 1995).

Jordan argues that the district court erred in denying him a three-point reduction in his offense level for acceptance of responsibility. The district court determined that Jordan frivolously contested his involvement in the 400-pound marijuana shipment, that Jordan failed to discuss some of his financial transactions with the probation officer, and that Jordan's transfer of a white Tahoe to his mother and stepfather was not a legitimate transaction. Because the district court's determination was not without foundation, the district court did not err in denying Jordan a three-point reduction for acceptance of responsibility. See <u>United States v. Anderson</u>, 174 F.3d 515, 525 (5th Cir. 1999).

AFFIRMED.