United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 13, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 04-40062
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

DOMINGO MOYA,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-03-CR-133-1
--------------------

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Domingo Moya appeals the 60-month sentences imposed

following his convictions for possession with intent to

distribute more than 100 kilograms of marijuana and possession

with intent to distribute less than 500 grams of cocaine in

violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and (b)(1)(C).

Moya asserts that the district court erroneously denied him a

reduction under the Sentencing Guideline's safety valve

provision, U.S.S.G. § 5C1.2.  Moya contends that the district

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court's finding, that he did not truthfully provide all information and evidence that he had concerning the offense, was based on government speculation, which is an improper basis for refusing the reduction.

The district court denied Moya the U.S.S.G. § 5C1.2 reduction based on the testimony of the case agent. The district court implicitly found that Moya had not provided all the information that he had regarding how he had obtained, and why he had been entrusted to store, such a large quantity of marijuana. The district court's finding that Moya did not provide complete and truthful information regarding his offense is plausible in light of the record as a whole and is not clearly erroneous. See United States v. Miller, 179 F.3d 961, 963-64 (5th Cir. 1999); United States v. Edwards, 65 F.3d 430, 432 (5th Cir. 1995).

Moya next contends that the district court applied an incorrect standard and clearly erred by denying him an offense level reduction under U.S.S.G. § 3B1.2. He asserts that his was a minor role because he merely allowed the drugs to be stored in his residence. He argues that the district court did not consider the relative culpability of the defendants.

Moya's sentence was based on conduct with which he was directly involved, i.e., storing drugs at his residence. Moya's "role was not minor, but actually coextensive with the conduct for which he was held accountable." United States v. Garcia, 242 F.3d 593, 598-99 (5th Cir. 2001). The district court's finding

that Moya was not entitled to an adjustment for being a minor participant is not clearly erroneous.  See id. at 599.

Moya challenges, for the first time, the constitutionality of 21 U.S.C. § 841(a) and (b) in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).  As Moya concedes, his Apprendi argument is foreclosed by United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000).  Accordingly, the judgment of the district court is AFFIRMED.