United States Court of Appeals
Fifth Circuit

**F I L E D**

December 16, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10319
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEJANDRA BRISEDA PEREZ, also known as Dalia Arrellano-Gomez,
also known as Alejandrea Briseda Perez,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:03-CR-281-1-A
--------------------

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Alejandra Briseda Perez ("Perez") appeals the sentence

imposed following her guilty-plea conviction for alien smuggling

for private financial gain. Perez argues that the district court

erred by finding that she was an organizer or leader of the

criminal activity and applying a four-level enhancement pursuant

to U.S.S.G. § 3B1.1(a). For the first time on appeal, Perez

asserts that the application of the four-level enhancement was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

unconstitutional under <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004).

The district court's application of a U.S.S.G. § 3B1.1 adjustment is a factual matter that is reviewed for clear error. <u>United States v. Dadi</u>, 235 F.3d 945, 951 (5th Cir. 2000). "A factual finding is not clearly erroneous as long as the finding is plausible in light of the record as a whole." <u>United States v. Edwards</u>, 65 F.3d 430, 432 (5th Cir. 1995) (internal quotation marks and citation omitted). The undisputed evidence showed that Perez recruited co-defendant Carlos Linan-Salinas; exercised control over his actions; and maintained a log of the names, destinations, and fees to be paid by the illegal aliens. Given these facts and "the extreme deference of the 'clear error' standard," the district court's application of the four-level enhancement for Perez being an organizer or leader of the criminal activity was not clearly erroneous. <u>See</u> <u>United States v. Lowder</u>, 148 F.3d 548, 554 (5th Cir. 1998).

As Perez concedes, her <u>Blakely</u> argument is foreclosed by this court's decision in <u>United States v. Pineiro</u>, 377 F.3d 464, 473 (5th Cir. 2004), <u>petition for cert. filed</u> (U.S. July 14, 2004) (No. 04-5263).

AFFIRMED.