United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 18, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-10316
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEVEN EDWARD HOOPS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:02-CR-331-1-N
--------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Steven Edward Hoops appeals his guilty-plea convictions of conspiracy to produce, use, and traffic in counterfeit and unauthorized access devices; fraudulent use of an unauthorized access device and aiding and abetting; and possession of device-making equipment. He argues that the district court erred in calculating the total amount of the loss to be between $1,000,000 and $2,500,000. He argues that the total number of unused access devices was 453, which, when multiplied by $500, yields $226,500,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

which, when added to the actual loss amount, $732,618.84, yields a total loss of $959,118.84. Hoops and the Government agree that review of the district court's factual findings is for clear error.

Hoops does not dispute the district court's finding that, under two other methods of calculating the total loss, the total loss figure would still be between $1,000,000 and $2,500,000. Hoops has therefore waived any argument with regard to the two other methods used by the district court. See Cinel v. Connick, 15 F.3d 1338, 1345 (5th Cir. 1994). Assuming without deciding that clear error is the proper standard, see United States v. Infante, __ F.3d __, No. 02-50665, 2005 WL 639619 at *12 n.14 (5th Cir. Mar. 21, 2005), Hoops has not shown that the district court's total loss calculation was clear error. See United States v. Ismoila, 100 F.3d 380, 396 (5th Cir. 1996); U.S.S.G. § 2B1.1, comment. (n.3(C)).

Hoops also argues that the district court erred by finding that the number of victims exceeded 50 because it was assumed that each of the 52 pieces of stolen mail in his possession was addressed to a different person. Hoops's argument is factually incorrect because the Government introduced evidence at sentencing that the number of addressees was determined by counting the number of different individuals who had their mail stolen. Thus, Hoops's argument fails, and there is no clear error in the district court's factual finding that there were 52

additional victims.  See United States v. Edwards, 65 F.3d 430, 432 (5th Cir. 1995).

Finally, Hoops argues, for the first time, that he was deprived of his Sixth Amendment right to a jury trial because the facts supporting his sentence were neither admitted by him nor found by a jury.  He argues that an opinion of the Supreme Court applying Blakely v. Washington, 124 S. Ct. 2531 (2004), to the federal Sentencing Guidelines would invalidate his sentence.

Because Hoops did not object in the district court on this ground, our review is for plain error.  See United States v. Mares, 402 F.3d 511, 513 (5th Cir. 2005).  Hoops has shown a clear or obvious error under the Supreme Court's recent decision in United States v. Booker, 125 S. Ct. 738, 756 (2005).  However, because there is no indication in the record that indicates whether the district court would have reached a different conclusion, Hoops cannot meet his burden of showing that the result likely would have been different had the district court sentenced him under the Booker advisory scheme rather than the pre-Booker mandatory regime.  Id. at 521.  Therefore, the plain error standard has not been satisfied.  See id. at 521-22.  The judgment of the district court is AFFIRMED.