IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 9, 2008

Charles R. Fulbruge III
Clerk

No. 07-10400
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MARTIN RAMON VILLARREAL

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:06-CR-176-2

Before HIGGINBOTHAM, STEWART and OWEN, Circuit Judges.

PER CURIAM:[*]

Martin Ramon Villarreal appeals the sentence imposed by the district court following his guilty-plea conviction for aiding and abetting the possession with the intent to distribute cocaine. Villarreal argues that the district court erred by denying him a downward adjustment under the safety-valve provision of U.S.S.G. § 5C1.2. Our review is for clear error. See United States v. Edwards, 65 F.3d 430, 433 (5th Cir. 1995).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Villarreal's assertion that he was denied the reduction based solely on the Government's assertion that it did not believe him when he claimed to have limited knowledge of the transaction is without merit. The district court's determination that Villarreal had not truthfully provided the Government with all relevant information concerning the offense was based on the testimony of Special Agent Jerry Cedillo, who in turn, had investigated the case and interviewed both Villarreal and Mario Saldua. Villarreal's contention that Saldua's testimony was unreliable also is without merit. Saldua was not granted immunity. Further, the court's decision to credit Agent Cedillo's testimony was not clearly erroneous. See United States v. Gillyard, 261 F.3d 506, 509 (5th Cir. 2001).

Citing Apprendi v. New Jersey, 530 U.S. 466 (2000), Villarreal also argues that the district court violated his Sixth Amendment rights by denying him the safety-valve adjustment without setting forth its reasons for doing so. Villarreal's argument fails as a matter of fact because the district court did set forth its reasons for denying the adjustment. Further, in Apprendi, 530 U.S. at 490, the Supreme Court held that only a fact that increases a penalty above the statutory maximum must be afforded Sixth Amendment protection.

AFFIRMED.