# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 16, 2008

Charles R. Fulbruge III
Clerk

No. 07-51104
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MARTIN HUMBERTO ORNELAS

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:07-CR-462-1

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Martin Humberto Ornelas is appealing the sentence imposed following his guilty plea conviction for importation of marijuana and possession with intent to distribute marijuana. Ornelas was sentenced to a 30-month term of imprisonment. Ornelas argues that the district court erred in denying him a two-level reduction for having a minor role in the offense. He argues that the error was prejudicial because the district court may have imposed a lesser sentence under the reduced sentencing guidelines range.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This court reviews a district court's interpretation of the Sentencing Guidelines de novo and its factual findings for clear error. United States v. Juarez-Duarte, 513 F.3d 204, 208 (5th Cir. 2008), petition for cert. filed (Apr. 3, 2008) (No. 05-11394). Unless the factual finding is implausible in light of the record as a whole, it is not clearly erroneous. Id.

The Guidelines provide for a two-level decrease if the defendant was a minor participant. U.S.S.G. § 3B1.2(b). A minor participant adjustment is appropriate for a defendant "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, comment. (n.5). "Defendants whose roles are to hold or to deliver drugs are not automatically eligible for a reduction of their offense level under § 3B1.2. United States v. Edwards, 65 F.3d 430, 434 (5th Cir. 1995). A defendant who is "a courier without being substantially less culpable than the average participant" does not qualify for the adjustment. United States v. Buenrostro, 868 F.2d 135, 138 (5th Cir. 1989) see § 3B1.2, comment. (n.3(A)).

Ornelas was not a courier on a single occasion. He admitted that he had transported other loads of drugs across the border. Ornelas also acknowledged that he and his associates had recruited others to carry loads and that he and his associates were held accountable if those drivers were caught by authorities. Although Ornelas subsequently denied that he had recruited others in his objections, his initial specific statement that the instant offense was the result of his attempt to obtain repayment for the earlier loss by Juana Carrillo supports a finding that he was involved in recruitment of others and was held responsible for their losses. Ornelas has not carried his burden of showing that he was substantially less culpable than others involved in the criminal activity. See United States v. Pardita, 385 F.3d 546, 566 (5th Cir. 2004). The district court did not clearly err in determining that Ornelas had more than a minor role in the criminal activity and in refusing to make the adjustment.

AFFIRMED.