IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 21, 2009

Charles R. Fulbruge III
Clerk

No. 08-50453
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

EDGAR CASTILLO-SALAZAR

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:07-CR-3254-ALL

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Edgar Castillo-Salazar was convicted of one charge of importing marijuana into the United States and one charge of possessing marijuana with intent to distribute. The district court sentenced him to serve 18 months in prison. Castillo-Salazar now appeals his sentence. He argues that the district court erred by rejecting his argument that he was a minor participant in the offense of conviction and by denying him a reduction to his offense level for his participation in the offense. He contends that he should have received the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

disputed adjustment because he was a mere courier and because he was less culpable than the man who recruited him. He also argues that the reasons given by the district court for denying the requested adjustment were improper.

When reviewing a sentence, we typically consider whether the district court committed a significant procedural error at sentencing and whether the sentence imposed is substantively reasonable. See Gall v. United States, 128 S. Ct. 586, 594 (2007); see also United States v. Cisneros-Guiterrez, 517 F.3d 751, 764 (5th Cir. 2008). The district court's interpretation and application of the Guidelines are reviewed de novo, and its findings of fact are reviewed for clear error. See Cisneros-Guiterrez, 517 F.3d at 764.

Castillo-Salazar has not shown that the district court clearly erred by imposing the disputed adjustment. See United States v. Villanueva, 408 F.3d 193, 203 (5th Cir. 2005). Castillo-Salazar was not entitled to the minor participant adjustment simply because his role in the offense was limited to transporting drugs. See United States v. Edwards, 65 F.3d 430, 434 (5th Cir. 1995); United States v. Pofahl, 990 F.2d 1456, 1485 (5th Cir. 1993). Rather, such a role is "an indispensable part" of drug related offenses. See United States v. Buenrostro, 868 F.2d 135, 138 (5th Cir. 1989). The district court's determination concerning Castillo-Salazar's role in the offense is plausible in light of the entire record and thus is not clearly erroneous. See Villanueva, 408 F.3d at 203. Castillo-Salazar's arguments to the contrary are unavailing.

Castillo-Salazar's argument that the district court gave improper reasons for denying the requested adjustment likewise lacks merit. The reasons given by the district court for denying the adjustment pertain to the nature and circumstances of the offense as well as Castillo-Salazar's own history and characteristics. These reasons thus provide a proper foundation for the district court's sentencing decision. See United States v. Mares, 402 F.3d 511, 518-19 (5th Cir. 2005); 18 U.S.C. § 3553(a).

Castillo-Salazar has shown no error in connection with his sentence. Consequently, the judgment of the district court is AFFIRMED.