**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 5, 2009

Charles R. Fulbruge III
Clerk

No. 08-40719
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RENE TORRES GARCIA

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:08-CR-139-1

Before SMITH, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Rene Torres Garcia appeals the sentence imposed following his guilty plea conviction for intimidating a witness in violation of 18 U.S.C. § 1512(b)(1). Garcia argues that the district court erred in not making a finding regarding the disputed matter of what Garcia said and did on the day in question as required by FED. R. CRIM. P. 32, that the district court "appeared" to rely on the testimony of an unsworn case agent in determining his sentence, and, if so, that the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court's consideration of the case agent's unsworn statements during the sentencing hearing violated his Sixth Amendment rights. Because Garcia did not raise arguments pursuant to Rule 32 and the Sixth Amendment in the district court, those arguments are reviewed for plain error. *See United States v. Baker*, 538 F.3d 324, 332 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 962 (2009).

The district court's adoption of the presentence report was an implicit resolution of the disputed matter at sentencing. Accordingly, the district court made the required Rule 32 finding. *See United States v. Duncan*, 191 F.3d 569, 575 (5th Cir. 1999). In addition, Garcia has not demonstrated any plain error with respect to the district court's implicit finding that his sworn testimony at the sentencing hearing was not credible and, thus, that he had not rebutted the information provided by the presentence report. *See United States v. Sotelo*, 97 F.3d 782, 799 (5th Cir. 1996); *United States v. Edwards*, 65 F.3d 430, 432 (5th Cir. 1995); *see also* 18 U.S.C. § 3742(e).

Garcia also has not shown plain error with respect to his Sixth Amendment claim. In *United States v. Booker,* 543 U.S. 220 (2005), the Supreme Court eliminated any Sixth Amendment error caused by judicial factfinding with respect to sentencing determinations by rendering the Sentencing Guidelines advisory rather than mandatory. *See United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). Moreover, this court has held that the Confrontation Clause does not apply at sentencing. *United States v. Mitchell*, 484 F.3d 762, 776 (5th Cir. 2007), *cert. denied*, 128 S. Ct. 869 (2008); *United States v. Beydoun*, 469 F.3d 102, 108 (5th Cir. 2006). The district court's judgment is AFFIRMED.