# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 16, 2013

No. 12-40622
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

RHONDA RAQUEL REYES,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:10-CR-1119-4

Before BARKSDALE, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Rhonda Raquel Reyes was convicted on one count of conspiring to possess, with the intent to distribute, 100 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846. At a bench trial, at which Reyes testified, the evidence showed she rented a truck to transport a large quantity of marijuana. She was thereafter sentenced to 63 months' imprisonment. She challenges: the district court's rejecting her guilty plea; and its declining to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reduce her offense level based on the safety valve provision in the Sentencing Guidelines, U.S.S.G. § 5C1.2(a).

In asserting reversible error when the court rejected her guilty plea, Reyes contends that, during the rearraignment hearing, she admitted facts sufficient to prove she was guilty of conspiracy, including willful blindness to the rented truck's being used to transport drugs. Because Reyes failed to object to the court's rejecting her guilty plea, review is only for plain error. *See, e.g.*, *United States v. Foy*, 28 F.3d 464, 471-72 (5th Cir. 1994). No authority need be cited for Reyes' being required, *inter alia*, to show "clear" or "obvious" error for showing reversible plain error under the well known standard of review.

Defendant does not have an absolute right to have a trial court accept her guilty plea. *Santobello v. New York*, 404 U.S. 257, 262 (1971). Under Federal Rule of Criminal Procedure 11, a district court must ensure, *inter alia*: a guilty plea is knowing and voluntary; and there exists a factual basis for the plea. FED. R. CRIM. P. 11(b). For defendant to be found guilty of conspiring to possess with intent to distribute drugs, there must be: "(1) an agreement existed between two or more persons to violate federal narcotics law, (2) the defendant knew of the existence of the agreement, and (3) the defendant voluntarily participated in the conspiracy". *United States v. Thomas*, 690 F.3d 358, 366 (5th Cir. 2012), *cert. denied*, 133 S. Ct. 1281 (2013).

At the rearraignment hearing, Reyes disputed several aspects of the proffered factual basis. She stated repeatedly she rented the truck as a favor for a friend and did not consider how the truck would be used. Although Reyes admitted she had "an idea" her friend was a drug trafficker because of the people with whom he socialized and the amount of money he spent, she also stated she did not become suspicious of the reason he requested she rent the truck until she handed over the keys. Reyes further explained she and the man often did favors for each other. In this context, there was a basis for the court to conclude Reyes was not knowingly and voluntarily pleading guilty because the facts she

admitted were not sufficient to prove she knew of an agreement to violate the drug laws and that she voluntarily participated in the conspiracy. *See United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010); *United States v. Martinez*, 486 F.2d 15, 20 (5th Cir. 1973). There was no error, plain or otherwise, in rejecting the guilty plea.

Reyes next contends the court improperly determined she was ineligible for a reduction in her offense level based on Guideline §§ 5C1.2(a), 2D1.1(b)(16), the "safety valve". Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 48-51 (2007). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

Assuming Reyes preserved this issue in district court, the court did not clearly err in finding Reyes had not truthfully provided the Government with all information she had concerning the offense because the finding is plausible in the light of the record as a whole. *E.g.*, *United States v. Edwards*, 65 F.3d 430, 433 (5th Cir. 1995). The court's finding her guilty also weighs against applying the safety valve. *E.g.*, *United States v. Moreno-Gonzalez*, 662 F.3d 369, 375 (5th Cir. 2011).

AFFIRMED.