# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 14, 2021

Lyle W. Cayce
Clerk

No. 20-40734
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JUAN MANUEL LIRA-SALINAS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:19-CR-1954-2

Before COSTA, HO, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Juan Manuel Lira-Salinas pleaded guilty to possession with intent to distribute 50 grams or more of methamphetamine and 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine and to conspiracy to do the same. The district court

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-40734

sentenced Lira-Salinas below the applicable guidelines range to concurrent terms of imprisonment of 168 months. He appeals the district court's imposition of a two-level upward adjustment under U.S.S.G. § 2D1.1(b)(2) based on the district court's finding that he made a credible threat of violence. Lira-Salinas argues that the message that he sought to convey to a coconspirator through the coconspirator's girlfriend was not inherently threatening and that the circumstances establish that it was simply a cautionary warning to a friend.

A district court's application of § 2D1.1(b)(2) is a factual finding that this court reviews for clear error. *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). "[A] district court is permitted to draw reasonable inferences from the facts, and these inferences are fact-findings reviewed for clear error as well." *United States v. Caldwell*, 448 F.3d 287, 290 (5th Cir. 2006). A finding is clearly erroneous "only if, based on the entirety of the evidence," this court is "left with the definite and firm conviction that a mistake has been committed." *United States v. Oti*, 872 F.3d 678, 699 (5th Cir. 2017). If the finding is "plausible in light of the record as a whole," it is not clearly erroneous. *Id.* at 700 (internal quotation marks and citation omitted).

The district court has wide discretion in determining which evidence to consider and whether to credit the testimony of witnesses. *United States v. Edwards*, 65 F.3d 430, 432 (5th Cir. 1995). The presentence report (PSR) is presumed reliable, and a sentencing court may rely on the facts recounted in the PSR unless the defendant demonstrates by competent rebuttal evidence that the information is "materially untrue, inaccurate or unreliable." *United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012) (internal quotation marks and citation omitted).

No. 20-40734

Based on the unrebutted evidence presented at Lira-Salinas's sentencing and the district court's finding that his testimony was not credible, the district court reasonably inferred that the message that he sought to have conveyed to his coconspirator constituted a credible threat to use violence. *See Caldwell*, 488 F.3d at 290, 292; *United States v. Buenrostro,* 868 F.2d 135, 138 (5th Cir. 1989). Because the district court's finding that Lira-Salinas made a credible threat to use violence was plausible in light of the record as a whole, its judgment is AFFIRMED. *See Oti*, 872 F.3d at 700.