United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 16, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-10632
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DERIC DESHON CALTON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:03-CR-80-1-C
--------------------

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Deric Deshon Calton pleaded guilty to being a felon in possession of a firearm. The district court applied the cross-referencing provision of U.S.S.G. § 2K2.1 and computed Calton's offense level by using U.S.S.G. § 2A1.2, the guideline for second degree murder and the most analogous offense under the guidelines for the offense conduct of killing Harold Williams. The district court sentenced Calton to 120 months in prison, to be followed by three years of supervised release.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On appeal, Calton argues that the cross-reference provision of U.S.S.G. § 2K2.1(c)(1) does not apply because he used the firearm in self-defense, not in connection with the commission of another offense. This court reviews the application of the Sentencing Guidelines de novo, and it reviews the sentencing court's factual findings for clear error. United States v. Edwards, 65 F.3d 430, 432 (5th Cir. 1995). For sentencing purposes, the district court "may consider any information which has sufficient indicia of reliability to support its probable accuracy." United States v. Mitchell, 166 F.3d 748, 754 (5th Cir. 1999) (internal quotation marks and citation omitted).

Section 2K2.1(c)(1)(B) instructs that if the defendant "possessed or transferred a firearm or ammunition with the knowledge or intent that it would be used or possessed in connection with another offense" and a death resulted, the defendant's base offense level is to be determined by applying "the most analogous offense guideline" for homicide, if it results in a higher offense level. § 2K2.1(c)(1)(B) & comment. (n.14). The presentence report (PSR) and the testimony at sentencing were unequivocal and consistent in relating that Calton and Williams were involved in an altercation in the street and that Williams had taken two shots at Calton. The PSR and the testimony at sentencing were equally unequivocal and consistent in relating that after Williams shot at him, Calton entered a nearby residence rented by Randy Cravin, retrieved a .22 caliber

rifle kept at Cravin's residence, shot Williams in the chest from the doorway of the residence, exited the residence, and shot Williams again as Williams lay on the sidewalk. Notwithstanding Calton's general argument to the contrary, the district court was not clearly erroneous in finding that the shooting of Williams, once from a doorway and again as he lay bleeding, was not an act of self-defense. As the district court was not clearly erroneous in its factual finding adopting the background facts contained in the PSR, the district court did not err by using § 2K2.1(c)(1)(B) to compute Calton's sentence. Mitchell, 166 F.3d at 754.

For the first time on appeal, Calton argues that the district court should have granted him a downward departure from the guidelines because he was provoked by Williams. We have jurisdiction to review a refusal to downwardly depart from the guideline sentencing range only if the district court based its decision on an erroneous belief that it lacked the authority to depart. United States v. Buck, 324 F.3d 786, 797 (5th Cir. 2003). As Calton has not alleged that the district court was unaware of the ability to depart and the record contains no support for such an allegation, we are without jurisdiction to consider the issue. See United States v. Landerman, 167 F.3d 895, 899 (5th Cir. 1999).

Calton's sentence is AFFIRMED.