United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 30, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-10632
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

DERIC DESHON CALTON

Defendant - Appellant

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:03-CR-80-1-C
---------------------

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before KING, Chief Judge, DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

This court affirmed the sentence of Deric Deshon Calton.
United States v. Calton, No. 04-10632 (5th Cir. Dec. 16, 2004)
(unpublished). The Supreme Court vacated and remanded for
further consideration in light of United States v. Booker, 125 S.
Ct. 738 (2005).

When the question whether the sentence was imposed legally
in light of the rule in Booker has been asserted for the first

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

time on appeal, this court's review is for plain error.  See United States v. Valenzuela-Quevedo, 407 F.3d 728, 732-33 (5th Cir. 2005), petition for cert. filed (July 25, 2005) (No. 05-5556); United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517). In this case, a higher standard must be met because Calton first raised the Booker issue in his petition for certiorari.  See United States v. Taylor, 409 F.3d 675, 676 (5th Cir. 2005). Taylor held that because a defendant had not demonstrated plain error, "it is obvious that the much more demanding standard for extraordinary circumstances warranting review of an issue raised for the first time in a petition for certiorari, cannot be satisfied."  Taylor, 405 F.3d at 677.  As will be shown below, Calton cannot show any extraordinary circumstances because he cannot demonstrate plain error.

After Booker, "[i]t is clear that application of the Guidelines in their mandatory form constitutes error that is plain."  Valenzuela-Quevedo, 407 F.3d at 733.  To satisfy the third prong of the plain-error test in light of Booker, a defendant is required to demonstrate "with a probability sufficient to undermine confidence in the outcome, that if the judge had sentenced him under an advisory sentencing regime rather than a mandatory one, he would have received a lesser sentence."  United States v. Infante, 404 F.3d 376, 395 (5th Cir. 2005).  Calton admits that he cannot make a particularized

showing of an effect on his substantial rights or that the record indicates in any way that the district court would have imposed a lower sentence under an advisory sentencing scheme.  Accordingly, there is no basis for concluding that the district court would have imposed a lower sentence under an advisory sentencing regime.  See Mares, 402 F.3d at 522.

We conclude that nothing in the Supreme Court's Booker decision requires us to change our prior affirmance in this case. We reinstate our judgment affirming Calton's conviction and sentence.

AFFIRMED.