**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 4, 2014

Lyle W. Cayce
Clerk

No. 13-50226
Summary Calendar

UNITED STATES OF AMERICA,

　　　　　　　　　　　　Plaintiff–Appellee,

v.

ELISEO MONTES, JR.,

　　　　　　　　　　　　Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:12-CR-216-1

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Eliseo Montes, Jr., was convicted of conspiracy to possess with intent to distribute marijuana and conspiracy to launder money in violation of 18 U.S.C. § 1956(h) and 21 U.S.C. § 841. He was sentenced to 240 months of imprisonment.

First, Montes argues that he received ineffective assistance of counsel because counsel failed to prepare Montes for his testimony, failed to object to the prosecutor's intrusion into the attorney/client relationship, failed to object to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

testimony as hearsay, and permitted a Government witness to vouch for the credibility of another Government witness. The record in the instant case is insufficiently developed to permit proper review of Montes's alleged grounds of ineffective assistance. *See United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006).

In addition, Montes challenges his sentence. Pursuant to *Gall v. United States*, 552 U.S. 38, 51 (2007), we first determine whether the sentence imposed is procedurally sound and, if it is, whether the sentence imposed is substantively reasonable.

Montes's argument that the district court procedurally erred when it impermissibly relied on unreliable double hearsay is unavailing. The district court was permitted to consider police officer Brian Schutt's testimony to determine the amount of drugs attributable to Montes. *See United States v. Gaytan*, 74 F.3d 545, 558 (5th Cir. 1996); *United States v. Edwards*, 65 F.3d 430, 432 (5th Cir. 1995). Further, Montes has not presented rebuttal evidence to demonstrate that the Presentence Investigation Report (PSR) was "materially untrue, inaccurate or unreliable." *United States v. Parker*, 133 F.3d 322, 329 (5th Cir. 1998) (internal quotation marks omitted).

The challenge to the firearms enhancement pursuant to U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2012) is likewise unavailing. Montes does not challenge the reliability of the PSR's information or challenge sufficiently Schutt's testimony that Montes received three firearms after a coconspirator died. *See Parker*, 133 F.3d at 329. Moreover, the district court was entitled to credit Schutt's testimony about the duty weapon during the fake traffic stop. *See Edwards*, 65 F.3d at 432.

Montes's argument that the district court failed to give him an individualized sentencing procedure and failed to explain its 240-month sentence fails. Because Montes did not make these objections in the district court, we review for plain error only. *See United States v. Neal*, 578 F.3d 270, 272 (5th

Cir. 2009). Even if the district court committed obvious error by failing to make express fact findings, Montes cannot show that the error, if any, affected his substantial rights because he was sentenced within the Guidelines range, and he does not show that an adequate explanation by the district court would have changed his sentence. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 365 (5th Cir. 2009).

Next, Montes argues that the district court abused its discretion in failing to take into account his characteristics and the goals of 18 U.S.C. § 3553. Because he was sentenced within a properly calculated Guidelines range, we infer that the district court considered the sentencing factors set forth in the Sentencing Guidelines and § 3553(a). *See United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). Moreover, the record indicates that the district court considered those factors. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

Last, Montes's assertion that his within-Guidelines sentence was cruel and unusual punishment is without merit. In analyzing whether a sentence is unconstitutionally disproportionate, "this court first makes a threshold comparison of the gravity of the offense against the severity of the sentence. Only if we determine that the sentence is grossly disproportionate to the offense" will we engage in further analysis. *United States v. Thomas*, 627 F.3d 146, 160 (5th Cir. 2010) (internal quotation marks and citation omitted). Moreover, we have concluded that "the Guidelines are a convincing objective indicator of proportionality." *United States v. Cardenas-Alvarez*, 987 F.2d 1129, 1134 (5th Cir. 1993) (internal quotation marks omitted). As Montes's sentence was within the Guidelines range, we conclude that it was not grossly disproportionate to his offense.

AFFIRMED.