# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-11468
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 17, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

BRIAN DEAN KING, JR.,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CR-94-1

Before BARKSDALE, HAYNES, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Brian Dean King, Jr., pleaded guilty to conspiracy to possess, with intent to distribute, methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. He was sentenced to, *inter alia*, 480-months' imprisonment, within the advisory Sentencing Guidelines sentencing range of 360- to 480- months.

Having preserved his objections in district court, King challenges his sentence on numerous grounds, asserting the district court erred by

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 18-11468

(1) accepting the presentence investigation report's (PSR) finding that an obstruction-of-justice enhancement was warranted and applying a two-level enhancement pursuant to Guideline § 3C1.1; (2) accepting the PSR's finding that a two-level reduction for acceptance of responsibility, pursuant to Guideline § 3E1.1(a), was not warranted because of King's obstruction-of-justice conduct; (3) accepting the PSR's statement that methamphetamine involved in the offense was imported from Mexico and applying a two-level enhancement pursuant to Guideline § 2D1.1(b)(5); and (4) accepting the PSR's finding regarding the quantity of drugs attributable to him.

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). "There is no clear error if the district court's finding is plausible in light of the record as a whole." *United States v. Serfass*, 684 F.3d 548, 550 (5th Cir. 2012) (citation omitted). "A finding of fact is clearly erroneous only if, after reviewing all the evidence, we are left with the definite and firm conviction that a mistake has been committed." *Id.* (internal quotations and citation omitted).

Concerning the numerous challenges to his sentence, King contends the PSR lacked sufficient indicia of reliability to be considered by the district court. Although "a PSR generally bears sufficient indicia of reliability, [b]ald,

conclusionary statements do not acquire the patina of reliability by mere inclusion in the PSR". *United States v. Narviz-Guerra*, 148 F.3d 530, 537 (5th Cir. 1998) (alteration in original) (internal quotations and citations omitted). That is not the case here. The record reflects that the information in the PSR was derived from investigative materials compiled by local and federal law-enforcement agencies and numerous statements from coconspirators, suppliers, and unidentified informants.

As for whether King obstructed justice within the meaning of the Guidelines, a district court's finding that defendant obstructed justice is a factual finding, reviewed for clear error. *United States v. Juarez-Duarte*, 513 F.3d 204, 208 (5th Cir. 2008) (per curiam) (citation omitted). Although King did provide evidence to rebut the PSR's finding he obstructed justice, the court concluded that "the most reasonable inference is" King engaged in the obstruction-of-justice conduct. This finding was not implausible in the light of the record as a whole, because the district court "ha[d] wide discretion in determining which evidence to consider and which testimony to credit", *United States v. Edwards*, 65 F.3d 430, 432 (5th Cir. 1995) (citation omitted), and was not required to accept King's evidence as credible, *see, e.g.*, *United States v. Sotelo*, 97 F.3d 782, 799 (5th Cir. 1996) ("Credibility determinations in sentencing hearings are peculiarly within the province of the trier-of-fact." (internal quotations and citation omitted)). Moreover, because there was more than one permissible view of the evidence supporting the enhancement, the court's decision to rely on one view instead of others does not constitute clear error. *See United States v. Gillyard*, 261 F.3d 506, 509 (5th Cir. 2001).

Regarding whether the court clearly erred by not applying an acceptance-of-responsibility reduction, the district court's decision is upheld on review "unless it is without foundation, a standard of review more deferential

than the clearly erroneous standard". *Juarez-Duarte*, 513 F.3d at 211 (internal quotations and citation omitted). "Ordinarily, conduct that results in an enhancement for obstruction of justice under [Guideline] § 3C1.1 'indicates that the defendant has not accepted responsibility for his criminal conduct,' except in 'extraordinary cases in which adjustments under both [Guidelines] §§ 3C1.1 and 3E1.1 may apply.'" *Id.* (quoting U.S.S.G. § 3E1.1 cmt. n.4).

King asserts only that the evidence lacked sufficient indicia of reliability to support the obstruction-of-justice enhancement and makes no contention that this is an extraordinary case. The decision to deny an acceptance-of-responsibility reduction was, therefore, not without foundation.

As for King's challenge to the importation enhancement, the court's factual determination on this point is reviewed for clear error. *See United States v. Rodriguez*, 666 F.3d 944, 947 (5th Cir. 2012) (citation omitted). We are not left with the definite and firm conviction that the court committed a mistake in applying the enhancement based on a statement by one of King's suppliers to law-enforcement agents that the methamphetamine he sold King was imported from Mexico.

Finally, the court's drug-quantity calculation is also a factual determination reviewed for clear error. *United States v. Harris*, 740 F.3d 956, 966 (5th Cir. 2014) (citation omitted). The court's calculation was plausible in the light of the record as a whole. It did not clearly err in relying on the codefendant's higher estimate, considering the evidence pertaining to King's drug-distribution conduct. Likewise, the court did not clearly err by including, in the drug-quantity calculation, the quantity of drugs found in the vehicle in which King was a passenger, as recommended by the PSR. The evidence showed that King and the driver of the vehicle—his girlfriend and codefendant—were involved in the distribution of methamphetamine as a

couple, that King was in possession of more than $1,000 when the vehicle was stopped, and that a drug ledger was also found in the vehicle.

AFFIRMED.