# United States Court of Appeals
# for the Fifth Circuit

_____

No. 25-10281
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**

February 2, 2026

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Hector Matute-Rodriguez,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:23-CR-487-1

_____

Before Jones, Duncan, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Hector Matute-Rodriguez appeals his conviction and 46-month sentence for illegal presence in the United States following removal under 8 U.S.C. § 1326(b)(1). He contends that the sentence is substantively unreasonable because the district court relied on several improper factors. However, two of the factors implicate the procedural reasonableness of the

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

sentence: that the district court applied a presumption of reasonableness to the guidelines range and that it erroneously found he lacked remorse. *See Gall v. United States*, 552 U.S. 38, 49-51 (2007). Because he did not object on these procedural grounds, our review is for plain error. *See United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009).

In light of the sentencing transcript as a whole, the district court's question to defense counsel at sentencing about the appellate presumption of reasonableness does not indicate that the district court itself applied such a presumption to the guidelines range. He also shows no error in the district court's finding that he lacked remorse. *See United States v. Edwards*, 65 F.3d 430, 432 (5th Cir. 1995); *United States v. Oti*, 872 F.3d 678, 700 (5th Cir. 2017).

Matute-Rodriguez also contends that his sentence is substantively unreasonable because the district court erred balancing the 18 U.S.C. § 3553(a) factors. He asserts that the court gave significant weight to his "relatively minor criminal history" while failing to account for his poverty in Honduras and his serious health condition. He also asserts that the district court improperly considered his national origin and immigration status. We review the substantive reasonableness of the sentence for abuse of discretion. *See Gall*, 552 U.S. at 51-52.

Contrary to Matute-Rodriguez's characterization of his prior offense conduct, it included trafficking marijuana, forcing a police car into oncoming traffic while driving impaired, and assault. The record does not indicate that the district court relied on his nationality, although it did properly consider his history of being deported and returning to the United States illegally. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 806-07 (5th Cir. 2008).

Because Matute-Rodriguez has not shown that the district court failed to account for a factor that should have received significant weight, gave

No. 25-10281

significant weight to an improper factor, or made a clear error in judgment in balancing the factors, he fails to overcome the presumption of reasonableness that attaches to his within-guidelines sentence. *United States v. Fatani*, 125 F.4th 755, 762 (5th Cir. 2025).

Finally, Matute-Rodriguez contends that his sentence is unconstitutional because his prior felony conviction was not alleged in the indictment or found by a jury, an argument he correctly concedes is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019).

AFFIRMED.